Whalen, P.J.
(dissenting). We respectfully dissent. Petitioner commenced this proceeding pursuant to Family Court Act article 10 alleging, inter alia, that the subject child was neglected by respondent mother. Following a fact-finding hearing, Family Court concluded that petitioner failed to meet its burden of establishing neglect by a preponderance of the evidence and dismissed the petition. It is well established that “[i]f the court finds that the facts adduced at the hearing are insufficient to support the petition, as was the case here, that is the end of the matter” (Matter of Rasha B., 139 AD2d 962, 963 [1988] [emphasis added]). Pursuant to the legislative scheme of article 10, absent a finding of abuse or neglect, the court lacks any jurisdictional basis to block, delay, or impose conditions on the return of the child (see Matter of Amanda SS., 284 AD2d 588, 589 [2001], lv denied 97 NY2d 606 [2001]; Matter of Brandon C., 237 AD2d 821, 822 [1997]; Matter of Dina V., 86 AD2d 875, 875 [1982]; see also Matter of Lebraun H. [Brenda H.], 111 AD3d 1439, 1440 [2013]; Matter of Edwin SS., 302 AD2d 754, 754-755 [2003]; Matter of Anthony YY., 202 AD2d 740, 741 [1994]).
We cannot agree with the majority that the enactment of Family Court Act article 10-A abrogated that settled law and *134 extended the subject matter jurisdiction of Family Court beyond the dismissal of the neglect petition. The jurisdictional provision of article 10-A, Family Court Act § 1088, provides in relevant part that
“[i]f a child is placed pursuant to section . . . one thousand twenty-two ... of this act, . . . the case shall remain on the court’s calendar and the court shall maintain jurisdiction over the case until the child is discharged from placement and all orders regarding supervision, protection or services have expired.”
It is undisputed that the child was placed pursuant to Family Court Act § 1022, and we agree with the majority that the events triggering the termination of the court’s article 10-A jurisdiction did not occur, i.e., the child was not discharged from placement (see Family Ct Act § 1089 [d] [1]), and pursuant to a prior permanency hearing order the mother was under the supervision of petitioner, subject to an order of protection, and receiving services.
The language of section 1088, considered in isolation, appears to confer continuing jurisdiction regardless of the outcome of the underlying article 10 proceeding. We are mindful that, in accordance with established rules of statutory construction, we must construe the language of the statute “so as to give effect to the plain meaning of the words used” (Patrolmen’s Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208 [1976]). At the same time, however, we conclude that, under the circumstances here, giving effect to the “plain language . . . would require us to interpret the statute in a manner that would render it unconstitutional” (Pines v State of New York, 115 AD3d 80, 92 [2014], appeal dismissed 23 NY3d 982 [2014]; see People v Couser, 258 AD2d 74, 80 [1999], affd 94 NY2d 631 [2000]; McKinney’s Cons Laws of NY, Book 1, Statutes § 150 [c]). The majority’s application of the plain language of Family Court Act § 1088 effectively sanctions the use of the temporary order issued in an ex parte proceeding {see § 1022 [a] [i]) as the jurisdictional predicate for petitioner’s ongoing, open-ended intervention in the parent-child relationship after the neglect petition was dismissed on the merits.
We agree with the mother that, under these circumstances, the court’s exercise of jurisdiction pursuant to article 10-A resulted in the violation of her fundamental right to raise her *135 child. As a preliminary matter, we do not agree with the majority that the mother’s due process contention is not properly before us. Throughout the Family Court proceeding, the mother consistently and repeatedly argued that, following the dismissal of the neglect petition, the failure to terminate the subject child’s foster care placement and return her to the mother’s care constituted a violation of the mother’s due process right to raise the child without interference from petitioner or the court.
As the majority acknowledges, “ ‘the interest of parents in the care, custody, and control of their children ... is perhaps the oldest of the fundamental liberty interests,’ and any infringement on that right ‘comes with an obvious cost’ ” (Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d 1, 10 [2016], quoting Troxel v Granville, 530 US 57, 64-65 [2000]). Moreover, “[t]he fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the State” (Santosky v Kramer, 455 US 745, 753 [1982]). Here, the subject child was removed from the mother’s care pursuant to a temporary ex parte order, following which a hearing was conducted, no adjudication of neglect was made, and the neglect petition was dismissed on the merits. Construing article 10-A as authorizing the continued placement of the subject child, premised entirely upon the initial removal without the requisite showing of neglect or other extraordinary circumstances (see Matter of Bennett v Jeffreys, 40 NY2d 543, 546 [1976]), clearly results in an abridgment of the mother’s fundamental parental rights (see Matter of Marie B., 62 NY2d 352, 358 [1984]).
Accordingly, for the foregoing reasons, we conclude that the court lacked subject matter jurisdiction to enter the permanency hearing order on appeal, and the order therefore should be vacated.
NeMoyer and Curran, JJ., concur with Scudder, J.; Whalen, P.J., and Smith, J., dissent and vote to vacate the order in a separate opinion by Whalen, P. J.
It is hereby ordered that the order so appealed from is affirmed without costs.